-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JERALD TYNER,

        Plaintiff,

        -v-

ERIE COUNTY CORRECTIONAL FACILITY,

        Defendant.

**DECISION AND ORDER**
05-CV-0608E(Sr)

---

## INTRODUCTION

Plaintiff Jerald Tyner has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 2). Plaintiff, a former inmate at the Erie County Correctional Facility, claims that the Correctional Facility violated his constitutional rights by not providing him notice of his release date which resulted in him being held in custody one month longer than he should have.[1] For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] The Court presumes that plaintiff is alleging that he was held beyond his maximum prison term.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

As noted, plaintiff alleges that his constitutional rights were violated when the Erie County Correctional Facility failed to give him notice of his release date and held him in custody longer than his maximum prison term. The complaint must be dismissed unless plaintiff files an amended complaint by **October 5, 2005**, because plaintiff has failed to allege that the alleged constitutional violation

2

was done pursuant to a policy or custom of the County of Erie or the Erie County Correctional Facility and because the Erie County Correctional Facility is not a legal entity separate and apart from the County of Erie and cannot be sued in its own name. Accordingly, plaintiff must file an amended complaint that names as a defendant or defendants either the County of Erie or an individual with personal involvement in the alleged constitutional violation or both. If plaintiff names the County of Erie as a defendant, he must also allege that the failure to provide him notice of his release date and his being held beyond his maximum prison term were done pursuant to a policy or custom of the County. Plaintiff must also allege facts, not conclusory statements, which support his claim that he was held longer than his maximum prison term and that such is a violation of a right secured by the Constitution or laws of the United States. *See, e.g., Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) ("To impose liability on local governmental entity for failing to act to preserve constitutional rights, § 1983 plaintiff must establish: that he possessed constitutional right of which he was deprived; that municipality had a policy; that this policy amounted to deliberate indifference to plaintiff's constitutional right; and that policy was moving force behind constitutional violation.") (internal quotations and citation omitted).

A.  Municipal Corporation

In New York, departments, like the defendant, which are merely administrative arms of a municipal corporation, cannot be sued because they do

3

not have a legal identity separate and apart from the municipal corporation itself.[2] *Brockport v. County of Monroe Pure Waters Div.*, 75 A.D.2d 483, 486 (4th Dept. 1980), *aff'd* 54 N.Y.2d 678 (1981); *Belinson v. Sewer District No. 16 of the Town of Amherst*, 65 A.D.2d 912 (4th Dep't 1978).; *Latona v. Chautauqua County Jail*, No. 97 CV 0661, 2004 WL 2457797 (W.D.N.Y., Nov. 2, 2004). Accordingly, plaintiff fails to name an entity that can be sued and he therefore must file an amended complaint naming the County of Erie or any individual who may have been involved in the alleged failure to release him upon the expiration of his maximum prison term or both. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691-95 (1978); *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997).

### B. Municipal Policy or Custom

In order to hold a municipal corporation, like the County of Erie, liable under 42 U.S.C. § 1983, a plaintiff must establish that the challenged action was performed pursuant to a municipal policy or custom. *Monell*, 436 U.S. at 694. Municipalities are not subject to § 1983 liability solely on the basis of a *respondeat superior* theory. *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992); *Monell*, 436 U.S. at 694. To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or

---

[2] Fed.R.Civ.P. 17(b) provides that New York law governs the capacity of the Erie County Correctional Facility to sue or be sued.

4

policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); *see Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy."). Here, plaintiff does not contend that the alleged constitutional deprivation was caused by or occurred pursuant to an official custom or policy of the County of Erie or the Erie County Correctional Facility, and thus plaintiff has failed to state a claim under § 1983 against the municipal entity defendant named herein. Accordingly, the complaint will be dismissed unless plaintiff files an amended complaint naming the correct legal entity, or an individual or individuals with personal involvement in the alleged constitutional violation or both. If plaintiff does file an amended complaint naming the County of Erie as a defendant he must also allege facts which would establish that the alleged constitutional violation was done pursuant to a policy or custom of the County.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C.

5

§ 1915(e)(2)(B) unless he files an amended complaint by **October 5, 2005** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## **ORDER**

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **October 5, 2005**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **October 5, 2005**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **October 5, 2005**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **October 5, 2005**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to

the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:  Aug. 31 , 2005