-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JERALD L. TYNER,

        Plaintiff,

    -v-                                  **DECISION AND ORDER**
                                            05-CV-0608E

COUNTY OF ERIE,

        Defendant.

---

## INTRODUCTION

On August 24, 2005, plaintiff, pro se, filed a complaint under 42 U.S.C. § 1983 against the Erie County Correctional Facility alleging that it failed to provide him notice of his release date, which resulted in an extra month of incarceration. (Docket No. 1). On August 31, 2005, the Court filed an Order granting plaintiff permission to proceed *in forma pauperis*, dismissing the Erie County Correctional Facility as a defendant because it is not a legal entity separate and apart from the County of Erie and cannot be sued in its own name and because plaintiff did not allege that the alleged constitutional violation occurred pursuant to a policy or custom of the County of Erie or the Correctional Facility, see *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691-95 (1978), and directing plaintiff to file an amended complaint naming as a defendant the County of Erie or an individual whom plaintiff alleges was personally involved in not providing him

notice of his release date. (Docket No. 3). Plaintiff was advised that if he intended to name the County of Erie as a defendant in the amended complaint he would have to allege that the constitutional deprivation was caused by or occurred pursuant to an official custom or policy of the County of Erie or the Erie County Correctional Facility. See *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right)(citations and quotations omitted)).

## DISCUSSION

Plaintiff has now filed an amended complaint or, at least a portion of one, in which he names only the County of Erie as a defendant. (Docket No. 6). The amended complaint, however, which was filed on the Court's Prisoner Complaint Form, did not include anything beyond page four of the Form; pages five-seven of the Form contain the sections for plaintiff to provide the date of the incident, an explanation of what occurred and a request for relief. Plaintiff presumably intended the date, explanation and request for relief set forth in the original complaint to become part of the amended complaint and, therefore, the Court hereby directs that the operative pleading in this matter will be pages one-five of the amended complaint and pages five-seven of the complaint and be referred to hereinafter as the "amended complaint."

2

Upon review of the amended complaint, it is clear that plaintiff again fails to state a claim upon which relief can be granted. Plaintiff alleges that he was not provided notice of his release date and that this failure extended his incarceration an additional month. He does not, in any way, as directed, allege that this alleged unconstitutional failure to provide notice was done pursuant to a policy or custom of the County of Erie or its agency or department, the Erie County Correctional Facility. Accordingly, the amended complaint fails to state a claim upon which relief can be granted, see Monell, 436 U.S. at 691-95; Zahra, 48 F.3d at 685, and is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons discussed above, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED that the operative pleading in this matter is pages one-four of the amended complaint (Docket No. 6) and pages five-seven of the original complaint (Docket No. 1) and shall be referred to as the "amended complaint;"

FURTHER, that the amended complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: _Dec. 5_, 2005